**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

In re:

Rhett Weathers,

                         Debtor.

Case No. 19-00173-jw
Chapter 13

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO
11 U.S.C. §§ 105 AND 110, REQUIRING THE DISGORGEMENT
OF FEES RECEIVED, PAYMENT OF DAMAGES TO THE DEBTOR,
IMPOSITION OF FINES, AND ENJOINING FUTURE
ACTIONS OF SYNGERY LAW, LLC**

    John P. Fitzgerald, III, Acting United States Trustee for Region Four (the "UST"), moves the Court for an order, pursuant to §§ 105 and 110 of Title 11 of the United States Bankruptcy Code[1] and the Court's inherent authority, (i) requiring Synergy Law, LLC (hereafter the "BPP" or "Synergy Law") to disgorge the fees received from Rhett Weathers, the above-referenced debtor; (ii) requiring the BPP to pay the debtor damages of not less than $2,000; (iii) imposing fines of $500 against the BPP for each and every violation of § 110(b), (c), (e), and/or (h) of the Bankruptcy Code; and (iv) enjoining Synergy Law from acting as a petition preparer or assisting any person in filing bankruptcy in the District of South Carolina until further order of the Court. In support of this motion, the UST states as follows:

JURISDICTION AND VENUE

    1. The Court has jurisdiction of this case and proceeding pursuant to 28 U.S.C. §§ 1334(a, b), and 157(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue

---

[1] All further references to the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.

1

is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The UST files this motion pursuant to the authority granted to him by 28 U.S.C. § 586 and 11 U.S.C. § 307.

## BACKGROUND

2. Rhett Weather (the "debtor") filed for relief under chapter 13 of the Bankruptcy Code on January 8, 2019, bearing case number 19-00173-jw. The voluntary petition was filed by Charles A. Prescott (the "Attorney") with an address of 1101 Connecticut Avenue NW, Suite 450, Washington, DC 20036. While Synergy was not shown as the law firm of the Attorney on the petition, at a hearing on February 28, 2019, Attorney stated that Synergy had used his CM/ECF filing credentials to file the debtor's case without his knowledge. Additionally, according to the Secretary of State for the District of Columbia, Synergy Law, LLC is a limited liability company registered in the District of Columbia with an address of 1101 Connecticut Avenue, NW, Suite 450, Manassas, VA 20110.

3. On February 28, 2019, the Court held hearings in this case on: (1) a rule to show due to the debtor's failure to file schedules, statements, a chapter 13, and other required bankruptcy documents; (2) a motion for relief from the automatic stay filed by Branch Banking and Trust Company ("BB&T") regarding the debtor's residence; and (3) a motion seeking a determination that the automatic stay was not applicable because the debtor's residence was no longer property of the estate due to the completion of the foreclosure pre-petition filed by Seven Line, LLC.[2]

4. At the February 28, 2019 hearing, the debtor stated that he had retained Synergy to help him save his home from foreclosure and had paid them for its services. The Disclosure of Compensation of Attorney for Debtor shows that debtor agreed to pay $3,500 for legal services

---

[2] Seven Line was the high bidder at the foreclosure sale of the debtor's residence and grantee of the Master's deed.

and had paid $1,000 prior to filing. Upon information and belief, the UST believes that this disclosure is not accurate.

5. According to the Dorchester County online records BB&T initiated a foreclosure action against the debtor on December 21, 2017. According to BB&T's motion for relief from the automatic stay filed in this case on February 1, 2019, a foreclosure sale on the debtor's residence was held on January 8. 2019 at 11:00 am. Immediately after the conclusion of the foreclosure sale, the high bidder paid the total purchase price of $106,000 into the State Court, and the Master issued a Master's deed to the property that was the debtor's residence. *See* Recorded Master in Equity Deed attached to BB&T motion at pages 46 – 50.

6. The debtor's voluntary petition reflects that it was not filed with the Court until 11:39 pm on January 8, 2019, after the foreclosure sale was complete and the Master's deed had been recorded.

7. Based on statements made by Attorney at the February 28, 2019 hearing, it appears Synergy assisted the debtor in the preparation of his voluntary petition and various pleadings, and filed the petition on the debtor's behalf using Attorney's CM/ECF filing credentials. Attorney stated at the hearing that he had never reviewed the bankruptcy documents filed, had not talked to the debtor until shortly before the hearing, and was not counsel to the debtor. Upon information and belief, an attorney did not assist the debtor in filing his bankruptcy; instead, he was assisted by non-attorneys.

8. The petition does not disclose that Synergy assisted the debtor, rather it reflects that Attorney assisted the debtor and filed the bankruptcy case. Upon information and belief, Synergy conducted business in South Carolina through telephone and/or email communications with the debtor. As defined by § 101(3), the debtor is an "assisted person" and Synergy provided

bankruptcy assistance to the debtor as defined by § 101(4A).

9. At the February 28, 2019 hearing, the debtor stated that he thought he was represented by an attorney in the bankruptcy case, and that he had tried to contact Attorney several times. The debtor attended the meeting of creditors, but Attorney did not attend, and no one from Synergy attended.

10. On March 5, 2019, the Court entered an order finding that the automatic stay was not applicable because the debtor's residence had been sold at a foreclosure sale prior to the filing of the bankruptcy case.

11. Synergy is a "bankruptcy petition preparer" within the meaning of § 110(a)(1) of the Bankruptcy Code. Synergy is also a "debt relief agency" within the meaning of § 101(12A) of the Bankruptcy Code.

12. Synergy failed to take any steps to comply with §§ 110(b) and (c) of the Bankruptcy Code. Specifically, Synergy failed to sign the document for filing (as defined by § 110(a)(2)), failed to include its name and address on the document for filing, failed to include its identifying number on the document, and according to Attorney, improperly used Attorney's CM/ECF filing credentials to file the bankruptcy documents, making it appear that a South Carolina attorney had filed them on behalf of the debtor. The UST does not know if Synergy provided the debtor with an appropriate written notice required by § 110(b)(2).

13. A Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119) was not completed for filing by Synergy. On information and belief, Synergy filed the debtor's bankruptcy documents so that it appeared that a South Carolina attorney had filed the documents. The debtor's filings in this case did not contain the information required by § 110 of the Bankruptcy Code.

14. On information and belief, Synergy electronically signed the debtor's signature on the voluntary petition and other documents filed with the Court. Section 110(e)(1) prohibits a bankruptcy petition preparer from executing any document on behalf of the debtor. Synergy also provided legal advice to the debtor in completing the documents and selecting to file the voluntary petition under chapter 13.

15. On January 4, 2019, the Honorable Robert E. Nugent, a bankruptcy judge in the United States Bankruptcy Court for the District of Kansas, entered an order enjoining Synergy or any related entity from acting as a debt relief agency or a bankruptcy petition preparer in any jurisdiction in the United States. *Lashinsky v. Synergy Law, LLC (In re Gunzinger)*, Adv. Pro. No. 18-05126 (Bankr. D. Ka. 1/4/2019). A copy of the order is attached hereto as Exhibit A.[3]

## BASIS FOR RELIEF

A bankruptcy petition preparer is required to disclose his or her existence and participation in a bankruptcy case. § 110(b)(1), (c)(1). A bankruptcy petition preparer is required to disclose his or her social security number on every document prepared for filing as well as sign the document and print his or her name and address on the document. In the alternative, if a bankruptcy petition preparer is not an individual, then an officer, principal, responsible person, or partner of the bankruptcy petition preparer is required to sign the

---

[3] Synergy and/or Synergy Attorney Services have been the subject of various motions, complaints, and notices to show cause filed in multiple federal districts. *See In re Robert Lee Williams, Jr.*, Case No. 17-10381 filed in the Eastern District of Pennsylvania (Bankruptcy Court granted a motion filed by the UST's Philadelphia office and ordered Synergy Attorney Services to refund $9,500 to the debtor pursuant to 11 U.S.C. §§ 329 and 526-528); *In re Frances Armermease Turner and Victor Eugene Turner*, Case No. 2:16-bk-16126-BB filed in the Central District of California, Los Angeles Division (holding that Synergy violated provisions of 11 U.S.C. § 110); *In re Scott Edward Cornett*, Case No 17-11996, Adv. Pro. No. 18-05004 (imposing a fine of $10,000 on Synergy Law, LLC and Synergy Attorneys Services, LLC).

5

document and print on the document the name and address of that officer, principal, responsible person, or partner and provide his or her social security number. § 110(b)(1), (c)(1).

Section 527 of the Bankruptcy Code set forth certain disclosures and/or notices that must be given to an assisted person within three business days of first offering to provide any bankruptcy assistance services to the assisted person. A bankruptcy petition preparer is a debt relief agency. § 101(12)(A).

A bankruptcy petition preparer may not offer any legal advice. § 110(e)(2). A bankruptcy petition preparer may only perform scrivener services and, among other things, may not advise the debtor regarding which forms to file and how to correctly complete them. The District Court for the Middle District of North Carolina has described the services a bankruptcy petition preparer may offer as follows:

> A bankruptcy petition preparer is only authorized to meet a prospective debtor, make the required disclosures, provide the required notices, provide blank bankruptcy forms for the debtor to complete without any assistance from the petition preparer, type the information on the applicable bankruptcy forms without change or alteration, copy the documents prepared for the prospective debtor, and deliver the original and at least one copy of the documents to the prospective debtor.

*In re Langford*, 2005 Bankr. LEXIS 3201, 2007 WL 3376664, at *13 (M.D.N.C. 2007). This Court has agreed that bankruptcy petition preparers may only offer scrivener services and may not advise the debtors in any respect. *See In re McDonald*, 497 B.R. 489 (Bankr. D.S.C. 2013).

Advising a debtor regarding which documents to file with the court and/or the completion of the bankruptcy petition, schedules and other pleadings constitutes the practice of law. To determine if attorneys have committed the unauthorized practice of law requires a two-step analysis examining (1) whether the attorneys were authorized to practice law in South Carolina

6

and before this Court, and (2) whether the attorneys' actions constituted the practice of law. *Brown v. Goode, Peterson & Hemme (In re Brown)*, 270 B.R. 43, 47 (Bankr. D.S.C. 2001). Conduct constituting the practice of law includes a wide range of activities, including the preparation of legal instruments and advising clients of legal matters. *State v. Buyers Serv. Co., Inc.*, 357 S.E.2d 15, 17 (S.C. 1987); *State v. Despain*, 460 S.E.2d 576, 578 (S.C. 1995) (holding that the preparation of legal documents for presentation in family court constitutes the practice of law when the preparation involves the giving of advice, consultation, explanation, or recommendations on matters of law). "Unquestionably, advising a person to file bankruptcy, and under what chapter to file, constitutes legal advice that can only be given under South Carolina Law by licensed attorneys." *In re Fleming*, C/A No. 17-05544-jw, slip op. * 5 (Bankr. D.S.C. Feb. 22, 2018).

In this case, Synergy, and its representatives, are not licensed to practice law in South Carolina, and its preparation of the petition and other documents to be filed with the Court constitute the unauthorized practice of law. Moreover, Synergy is alleged to have improperly used the filing privileges of Attorney without his consent or knowledge.

Section 110(h)(3)(B) states, "All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g)." § 110(h)(3)(B). Section 110(i)(1) of the Bankruptcy Code states:

> (1) If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor—
>
> (A) the debtor's actual damages;

7

    (B) the greater of—
      (i) $2,000; or
      (ii) twice the amount paid by the debtor to the bankruptcy petition
        preparer for the preparer's services; and
    (C) reasonable attorneys' fees and costs in moving for damages under this
      subsection.

§ 110(i)(1). In addition, "A bankruptcy petition preparer, who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h), may be fined not more than $500 for each such failure." 11 U.S.C. § 110(l)(1).

  By engaging in the unauthorized practice of law and filing the debtor's case under filing privileges of another, Synergy has engaged in fraudulent, unfair, or deceptive conduct. *See, In re Gross*, 2009 Bankr. LEXIS 2761 *23 (Bankr. E.D. Va. 2009) (stating, "courts have uniformly held that the unauthorized practice of law constitutes a "fraudulent, unfair, or deceptive" act," and citing multiple cases); *McDow v. Mayton*, 379 B.R. 601, 607 (Bankr. E.D.Va. 2007). Additionally, Synergy failed to disclose its assistance and filed the debtor's case in a manner that it appeared the debtor was being assisted by an attorney licensed in South Carolina.

  Synergy violated § 110 of the Bankruptcy Code by: (i) failing to sign the prepared documents; (ii) failing to place the social security number of its officer, principal, or responsible person on each document prepared for filing with the Court; (iii) offering legal advice to the debtor; (iv) failing to supply the required sworn declaration to the debtor that was to be filed with the petition; and (v) committing acts that are fraudulent, unfair, and deceptive. § 110(b), (c), (e), and (h). Synergy's fees are subject to disgorgement. 11 U.S.C. §§ 110(h)(3)(B). Additionally, because Synergy assisted the debtor in preparing documents for filing that concealed its identity, the fine for violating § 110(b) is trebled. § 110(1)(2)(D).

  Section 110(j)(3) provides that "[t]he court, as part of its contempt power, may enjoin a bankruptcy petition preparer that has failed to comply with a previous order issued under this

section. The injunction under this paragraph may be issued on the motion of the court, the trustee, or the United States trustee." 11 U.S.C. § 110(j)(3). The debtor's case was filed after the nationwide injunction was entered in the *Lashinsky v. Synergy Law, LLC (In re Gunzinger)* proceeding discussed above. Accordingly, the UST also seeks an order of the Court barring Synergy and/ or any of its agents or employees from acting as bankruptcy petition preparers or assisting any person to file bankruptcy in the United States Bankruptcy Court for the District of South Carolina until further order of the Court.

The Court also possesses the inherent authority to sanction and discipline parties that appear before it. *In re Henderson*, 360 B.R. 477 (Bankr. D.S.C. 2006). The Court has authority to sanction litigants under § 105. Courts have recognized that the authority provided to bankruptcy courts under § 105 to issue the necessary and appropriate orders to carry out the Bankruptcy Code includes the power to sanction litigants and their counsel. *See In re Volpert*, 110 F.3d 494, 500 (7th Cir. 1997); *In re Ulmer*, 363 B.R. 777, 781 (Bankr. D.S.C. 2000). Synergy has engaged in the unauthorized practice of law, and filed the debtor's case improperly under the filing privileges of Attorney. Such conduct warrants sanctions for the egregious conduct and to deter such future conduct. This conduct also supports the issuance of an injunction barring Synergy from assisting any person in filing bankruptcy in the District of South Carolina.

WHEREFORE, the UST requests that the Court enter an order (i) requiring Synergy to disgorge the fees received from the debtor; (ii) requiring Synergy to pay the debtor at least $2,000.00; (iii) fining Synergy $500.00 for each and every violation of § 110(b), (c), (e), and/or (h) of the Bankruptcy Code; (iv) enjoining Synergy from acting as a petition preparer or assisting any person in filing bankruptcy in the District of South Carolina; and (v) granting such other and further relief as appropriate.

          JOHN P. FITZGERALD, III
          Acting United States Trustee, Region 4

          By: /s/ Linda Barr
          Linda Barr, Id. 6284
          Trial Attorney
          Office of the United States Trustee
          1835 Assembly St., Suite 953
          Columbia, South Carolina 29201
          (803) 765-5219
          (803) 765-5260 (facsimile)

Date: March 22, 2019          linda.k.barr@usdoj.gov

CERTIFICATE OF SERVICE
Case No: 19-00173-jw

I, the undersigned, do hereby certify that on the 22nd day of March, 2019, I served the below-named parties with copies of the following documents:

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO
11 U.S.C. §§ 105, 110, 526, AND 527 REQUIRING THE DISGORGEMENT
OF FEES RECEIVED, PAYMENT OF DAMAGES TO THE DEBTOR,
IMPOSITION OF FINES, AND ENJOINING FUTURE ACTIONS BY SYNERGY LAW,
LLC**

**CERTIFICATE OF SERVICE**

by mailing said copies to them by first-class, United States mail, postage prepaid, with return address clearly shown to said parties at the addresses shown below:

Synergy Law, LLC
ATTN: Officer, Manager or Agent
1101 Connecticut Avenue, NW, Suite 450
Washington, DC 20036

Synergy Law, LLC
ATTN: Officer, Manager or Agent
1101 Connecticut Avenue, NW, Suite 450
Manassas, VA 20110

Synergy Law, LLC
ATTN: Officer, Manager or Agent
8801 Sudley Road #4017
Manassas, VA 20110

Charles A. Prescott, Jr.
PO Box 1975
Columbia, SC 29202

Barbara Marie Seymour
Clawson & Staubes, LLC
1612 Marion Street, Suite 200
Columbia, SC 29201

Rhett Weathers
109 Sandtrap Road
Summerville, SC 29483

and/or by electronic transmission through the Court's Electronic Case Filing system to the following participants:

James M. Wyman, Chapter 13 Trustee

> By: /s/ Linda K. Barr
> Linda Barr
> Trial Attorney
> Office of United States Trustee
> 1835 Assembly St., Suite 953
> Columbia, South Carolina 29201
> (803) 765-5219

Exhibit A

**SO ORDERED.**

**SIGNED this 4th day of January, 2019.**



Robert E. Nugent
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re: Reba Anderson Gunzinger,

    Debtor.

Case No. 18-11409

---

United States Trustee,
Ilene J. Lashinsky,

    Plaintiff,

v.

Synergy Law, LLC,

    Defendant.

Adv. Pro. No. 18-05126

## Default Judgment

- 1 -

On November 30, 2018, the United States Trustee filed a complaint against Synergy Law, LLC. (Adv Doc 1.) Among other things, the complaint asked the Court to enter a judgment for fee disgorgement, injunctive relief, and civil penalties. On January 4, 2019, under Fed. R. Bankr. P. 7055, the Clerk of the Bankruptcy Court entered a default against Synergy. (Adv. Doc. 6.) The United States Trustee has now filed a motion asking the Court to enter a default judgment.

The Court has reviewed the complaint and the relevant legal authorities. Based upon the allegations contained in the complaint, and Synergy Law's failure to answer the complaint, the Court finds that the motion should be granted, and that a judgment should be entered against Synergy granting this relief:

    a. Under 11 U.S.C. § 105(a), a fine of $10,000 for contempt of court to be paid to the United States Treasury;

    b. Under 11 U.S.C. § 105(a), an injunction preventing Synergy or any related entity from acting as a debt relief agency or a bankruptcy petition preparer in any jurisdiction in the United States;

    c. Under 11 U.S.C. §§ 110(b), (c), (e), and (l)(1), three separate fines of $500 each, and then, under 11 U.S.C. § 110(i)(2), triple the amount of each fine to $1,500, for a total fine of $4,500, payable to the United States Trustee;

In the United States Bankruptcy Court for the District of Kansas
*Lashinsky v. Synergy Law, LLC* (*In re Gunzinger*)
Main Case No. 18-11409, Adv. No. 18-05126, Chapter 13
Default Judgment
Page 3

    d. Under 11 U.S.C. § 110(h)(3)(B), a money judgment of $4,000, to be paid to the chapter 13 trustee for the benefit of creditors, representing all the fees Gunzinger paid Synergy;

    e. Under 11 U.S.C. § 110(i)(1), a money judgment of $8,000 to be paid to the chapter 13 trustee;

    f. Under 11 U.S.C. § 110(j)(2)(B), an injunction barring Synergy from acting as a bankruptcy petition preparer in all federal jurisdictions; and

    g. The $350 filing fee to be paid to the Bankruptcy Court.

**IT IS SO ORDERED.**

# # #

Prepared and submitted by:

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

BY *s/ Richard A. Wieland*
RICHARD A. WIELAND
Attorney #12294
301 North Main, Suite 1150
Wichita, Kansas, 67202
316-269-6214
316-269-6182 FAX
Richard.Wieland@usdoj.gov