U.S. BANKRUPTCY COURT
for the District of South Carolina

Case Number: 19-00173-JW

ORDER SANCTIONING SYNERGY LAW, LLC AND REQUIRING DISGORGEMENT OF FEES, PAYMENT OF DAMANGES TO THE DEBTOR, IMPOSING FINES AND SANCTIONS, AND ENJOINING FURTHER ACTIONS BY SYNERGY LAW, LLC

The relief set forth on the following pages, for a total of 15 pages including this page, is hereby **ORDERED**.

**FILED BY THE COURT**
**05/20/2019**



*[signature: John E. Waites]*

US Bankruptcy Judge
District of South Carolina

1

Entered: 05/20/2019

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Rhett Weathers,<br><br>　　　　　　　Debtor. | Case No. 19-00173-jw<br>Chapter 13 |

**ORDER SANCTIONING SYNERGY LAW, LLC AND REQUIRING DISGORGEMENT OF FEES, PAYMENT OF DAMAGES TO THE DEBTOR, IMPOSING FINES AND SANCTIONS, AND ENJOINING FUTURE ACTIONS OF SYNERGY LAW, LLC**

This matter comes before the Court on the motion filed by the United States Trustee ("UST") for entry of an order pursuant to 11 U.S.C. §§ 110 and 105[1] and the Court's inherent authority requiring the disgorgement of fees received, the payment of damages to the debtor, the imposition of fines and sanctions, and the enjoinment of certain conduct by Synergy Law, LLC ("Synergy") filed on March 22, 2019 (the "Motion"). No objections were filed to the Motion. On April 25, 2019, a hearing was held on the Motion. The attorney for the UST, the debtor, Charles Prescott, and the chapter 13 Trustee, James Wyman, attended the hearing. For the reasons stated herein, the Court makes the following findings of fact and conclusions of law.[2]

## JURISDICTION AND VENUE

The Court has jurisdiction of this case and proceeding pursuant to 28 U.S.C. §§ 1334(a, b), and 157(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper

---

[1] All references to provisions under the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* shall be by section number only.

[2] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any of the following conclusions of law constitute findings of fact, they are so adopted.

2

pursuant to 28 U.S.C. §§ 1408 and 1409.

**FINDING OF FACTS**

1.   On March 22, 2019, the UST filed his Motion seeking relief against Synergy for its assistance to Rhett Weathers in filing this bankruptcy case. The UST served his Motion on Synergy by First Class Mail at 1101 Connecticut Avenue, NW, Suite 450, Washington, DC 20036, to the attention of an officer manger, or agent, and at 8801 Sudley Road #4017, Manassas, Virginia 20110, to the attention of an officer, manager, or agent. Both addresses were used by Synergy in its communications with the debtor. The Court used the same addresses in serving Synergy with notice of the hearing on the Motion and the deadline for any objections. Therefore, the Court finds that Synergy had appropriate notice of the Motion and hearing.

2.   At the hearing on April 25, 2019, Rhett Weathers and Charles Prescott testified under oath, and the UST submitted 27 exhibits into evidence.

3.   Rhett Weathers (the "debtor") filed for relief under chapter 13 of the Bankruptcy Code on January 8, 2019, bearing case number 19-00173-jw. The voluntary petition was filed using the CM/ECF filing credentials of Charles A. Prescott (the "Attorney") with an address of 1101 Connecticut Avenue NW, Suite 450, Washington, DC 20036. While Synergy was not shown as the law firm of the Attorney on the petition, Mr. Prescott testified that Synergy had used his CM/ECF filing credentials to file the debtor's case without his knowledge or authorization. The address listed for Mr. Prescott also matched Synergy's address of 1101 Connecticut Avenue, NW, Suite 450, Washington, DC.

4.   Mr. Weathers testified he believed he was represented by Mr. Prescott in his bankruptcy case. Mr. Weathers testified that Monica Chapman with Synergy told him Mr. Prescott was his local attorney.

3

5. Mr. Weathers testified that he initially contacted Synergy to assist him in saving his home from a foreclosure sale. Mr. Weathers identified an email dated December 7, 2018, which was sent to him by Travell Murrell, Senior Mortgage Analyst with Synergy. In the December 7, 2018 email, Mr. Murrell states that he is including additional information about "our Law Firm". The December 7th email also states that Synergy has a network of "Foreclosure Defense Attorneys". The December 7th email was admitted as Exhibit 1.

6. Mr. Weathers testified he never spoke with a foreclosure defense attorney and was never given the name of an attorney, except Mr. Prescott.

7. Mr. Weathers identified a December 27, 2018 email from Ashley Buchanan, in which she is identified as an Office Administrator with Synergy. Ms. Buchanan forwarded a recurring payment authorization form that bore Mr. Weathers' electronic signature and authorized Synergy to draw a total of $1,600 on three separate dates for services to be provided. The December 27, 2018 email was admitted as Exhibit 6.

8. Mr. Weathers testified that he paid Synergy $1,500 rather than the $1,600 referenced in the December 27, 2018 email.

9. Mr. Weathers testified that his residence was set to be sold at a foreclosure sale on January 8, 2019. Mr. Weathers testified that he received social security disability that had been suspended during a review. As a result, he fell behind on his mortgage payments. At the time of the hearing, Mr. Weathers testified that his social security disability payments had resumed, and he would have been able to fund a chapter 13 plan to save his house.

10. Mr. Weathers identified a January 3, 2019 email from Rachell Edwards, who is identified as a Legal Assistant with Synergy, in which she is thanking Mr. Weathers for his patience while she checks with the document specialist to confirm receipt of documents. The

January 3, 2019 email was admitted as Exhibit 10. Exhibit 10 also included a January 2, 2019 email from Mr. Weathers in which he states that all the documents have been faxed to two different faxes at Synergy's office, except the hardship letter and utility bills. Mr. Weathers testified that he had sent the same documents to Synergy three or four times.

11. Mr. Weathers identified a January 5, 2019 email from the Bankruptcy Department at Synergy in which it provided him a list of documents that are required to complete the bankruptcy filing. The January 5, 2019 email was admitted as Exhibit 11.

12. On January 5, 2019, Mr. Weathers signed a Synergy form in which he could select if he wanted to file bankruptcy *pro se*, if he wanted to file bankruptcy with Legal Aid nearest him, or if he wanted to hire an attorney to assist him with the bankruptcy filing. Mr. Weathers selected that he wanted to hire an attorney to assist him with his bankruptcy filing. The form he signed indicated that there would be an additional retainer of $5,000. The January 5, 2019 form and cover email from Synergy were admitted as Exhibit 14.

13. On January 8, 2019, Form B2030 (Disclosure of Compensation of Attorney for Debtor) was filed with Mr. Weathers' voluntary petition. The disclosure of compensation reflected that Charles Prescott had agreed to accept $3,500 for legal services and that he had been paid $1,000 prior to the bankruptcy filing. The disclosure of compensation was admitted as Exhibit 12.

14. Mr. Prescott testified that he had never met Mr. Weathers or signed any retainer agreement with him. Mr. Prescott also testified that he had never received any money from Mr. Weathers and knew nothing about Mr. Weather's bankruptcy case. Both the disclosure of compensation and the attorney's signature on the voluntary petition purported to be electronically signed by Mr. Prescott. Mr. Prescott testified that he did not authorize any of the filings.

15. Mr. Weathers took credit counseling on January 7, 2019, which was required for him

to be eligible to file bankruptcy pursuant to § 109(h)(1) of the Bankruptcy Code. Mr. Weathers' certificate of credit counseling was admitted as Exhibit 17.

16. Mr. Weathers identified a January 8, 2019 email from him to Synergy in which he was seeking for Synergy to contact the foreclosure attorney to let them know about what was going on [in his bankruptcy]. Synergy responded they were working on this with Charles Prescott. Exhibit 19 was admitted into evidence.

17. Mr. Weathers' voluntary petition was filed at 11:39 pm on January 8, 2019, which was after the foreclosure sale of his residence had occurred and the Master in Equity for Dorchester County had signed a deed to the highest bidder. As a result of the late filing, Mr. Weathers was not able to save his residence from foreclosure in his bankruptcy case. Mr. Weathers testified that the sole purpose in filing the bankruptcy case was to save his home from foreclosure. Mr. Weathers also testified that he had not signed his voluntary petition.

18. Mr. Weathers identified a series of emails between himself and Synergy regarding the status of his bankruptcy case and the foreclosure of his residence. The emails were admitted as Exhibit 20. Part of Exhibit 20 was a January 13, 2019 email sent from Synergy to Mr. Weathers in which it states a motion to impose the stay and motion to vacate the sale were filed with the court conducting the foreclosure proceeding.

19. A docket of the foreclosure proceeding regarding Mr. Weathers' residence was admitted as Exhibit 21. A review of the activity on the docket shows that no motion to impose the stay or to vacate the sale had been filed in the foreclosure proceeding as of April 25, 2019.

20. Mr. Weathers testified that Synergy told him that in South Carolina as long as the bankruptcy case was filed the same day as the foreclosure sale, the foreclosure sale could be undone.

21. Mr. Weathers identified a January 21, 2019 email from the Synergy Bankruptcy Program to him regarding pleadings filed by the trustee in his case. The email was admitted as Exhibit 22. Mr. Weathers testified that he still believed that he was represented by an attorney in his bankruptcy case at this time.

22. Mr. Weathers identified a February 9, 2019 email to him from Mr. Prescott reminding him of his meeting of creditors and information he needed to bring. The February 9, 2019 email was admitted as Exhibit 23. Mr. Weathers testified that Mr. Prescott called him before the meeting of creditors to inform him that he could not attend the meeting of creditors, but would have an appearance counsel attend with Mr. Weathers. Mr. Weathers testified that he attended the meeting of creditors, but neither Mr. Prescott nor an appearance counsel attended.

23. Mr. Prescott testified that he had no knowledge of the February 9, 2019 email and had never spoken with Mr. Weathers about his meeting of creditors, because he had no knowledge of Mr. Weathers' case or the meeting of creditors. Mr. Prescott stated that whoever called Mr. Weathers was not him.

24. Mr. Weathers identified a February 11, 2019 email sent to him in which he was provided a way to activate the Prescott Law Firm Client Portal. The February 11, 2019 email was admitted as Exhibit 24. Mr. Weathers testified that he was able to activate the portal and review documents on it. Mr. Weathers testified that he also left several messages in the portal, but no one responded to messages.

25. Mr. Prescott testified that he did maintain a client portal, but Synergy had to have used his login and password to create Mr. Weathers' client file, because he had not created it and was unaware of Mr. Weathers' bankruptcy case.

26. Mr. Weathers identified a February 21, 2019 email from him to the chapter 13

trustee in his bankruptcy case, Mr. Wyman. Mr. Weathers forwarded an email from Monica Chapman, an Attorney Liaison with Synergy in which she represents that Mr. Prescott is working on completing required documents and sale rescission. The February 21, 2019 email was admitted as Exhibit 25.

27. Mr. Weathers identified a February 26, 2019 email from him to Monica Chapman and Mr. Prescott in which he is complaining that he has not heard from anyone since February 7, 2019. The February 26, 2019 email was admitted as Exhibit 26.

28. On February 28, 2019, the Court held a rule to show cause hearing due to Mr. Weathers' failure to file schedules, statements, and other required documents. Mr. Weathers and Mr. Prescott both appeared at the hearing. Mr. Weathers testified that on February 28, 2019, he learned for the first time that Mr. Prescott was asserting that he was not his attorney and had no knowledge of his case. Both Mr. Weathers and Mr. Prescott testified that February 28, 2019 was the first time they had met one another.

29. Mr. Prescott testified that he had a "trial case" with Synergy at one time. He had used Synergy's software system to file a bankruptcy case. Ultimately, Mr. Prescott decided not to work with Synergy and had never signed any agreements with Synergy. Mr. Prescott testified that Synergy kept his filing credentials in the software system and used them to file Mr. Weathers' case without his knowledge or authorization.

30. Mr. Prescott identified an April 18, 2019 email from Josh Jezsik of CINgroup, the software program Mr. Prescott identified that Synergy used. In Mr. Jezsik's email, he confirms that an end user ID associated with Mr. Prescott's name and attorney license number exists in the CIN compass Software Account registered to Synergy Law, LLC. Mr. Jezsik wrote that another end user on the account logged into the software system and filed Mr. Weathers' case. The April

18, 2019 was admitted as Exhibit 28.

31.     Mr. Weathers testified that he has lost his home due to the filing of the bankruptcy case after the completion of the foreclosure sale. He has incurred moving costs, lost the equity in his home, and generally suffered emotional pain and stress. Mr. Weathers traveled to three separate hearings in his case, traveling approximately 100 miles round-trip. Mr. Weathers also testified that he now has a bankruptcy filing on his credit record, and that he would have never filed bankruptcy except to save his home.

32.     Mr. Weathers testified that he wanted to retain any claims or causes of action he may have against Synergy Law, LLC and the parties involved as they damaged him more than just the fees paid to them.

## **CONCLUSIONS OF LAW**

Section 110 provides penalties for persons who negligently or fraudulently prepare bankruptcy petitions. Section 110(a)(1) defines a bankruptcy petition preparer as "a person, other than an attorney for the debtor, or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing." The evidence in this case shows that no attorney was involved in the preparation of Mr. Weathers' bankruptcy documents and assistance provided to him. Synergy used Mr. Prescott's filing credentials without his knowledge or authorization and sent emails to Mr. Weathers providing the appearance that Mr. Prescott was involved in the case. However, none of the individuals from whom Mr. Weathers received electronic mail were attorneys, and none of the individuals appeared to be under the supervision of any attorney. Mr. Weathers testified that he never spoke with an attorney. Therefore, while Synergy Law, LLC purports to be a law firm, only non-attorney individuals assisted Mr. Weathers, with disastrous consequences, and none of these individuals appeared to

be under the supervision of an attorney. Thus, Synergy acted as a bankruptcy petition preparer in this matter.

Synergy failed to take any steps to comply with §§ 110(b)(1) and § 110(c) of the Bankruptcy Code. Specifically, Synergy failed to sign the document for filing, failed to include its name and address on the document for filing, and failed to include its identifying number on the document. A document for filing is defined as a petition or any other document prepared for filing by a debtor in a United States bankruptcy court. § 110(a)(2). Synergy filed on behalf of Mr. Weathers his voluntary petition, Schedule D, and certification verifying the creditor mailing matrix.

Section 110(e)(1) provides that a bankruptcy petition preparer shall not execute any document on behalf of a debtor. Synergy affixed Mr. Weathers' electronic signature on the voluntary petition and certification verifying the creditor mailing matrix prior to filing those documents with the Court.

Section 110(e)(2) prohibits a bankruptcy petition preparer from providing any legal advice, including whether to file a bankruptcy petition or under which chapter a debtor should commence a case. Advising a debtor regarding which documents to file with the court and/or the completion of the bankruptcy petition, schedules and other pleadings constitutes the practice of law. Conduct constituting the practice of law includes a wide range of activities, including the preparation of legal instruments and advising clients of legal matters. *State v. Buyers Serv. Co., Inc.*, 357 S.E.2d 15, 17 (S.C. 1987); *State v. Despain*, 460 S.E.2d 576, 578 (S.C. 1995) (holding that the preparation of legal documents for presentation in family court constitutes the practice of law when the preparation involves the giving of advice, consultation, explanation, or recommendations on matters of law). "Unquestionably, advising a person to file bankruptcy, and under what chapter to

file, constitutes legal advice that can only be given under South Carolina Law by licensed attorneys." *In re Fleming*, C/A No. 17-05544-jw, slip op. * 5 (Bankr. D.S.C. Feb. 22, 2018). The evidence clearly shows that Synergy provided legal advice to Mr. Weathers.

Section 110(h)(2) requires that a bankruptcy petition preparer shall file a declaration under penalty of perjury disclosing any fee received from the debtor in the 12 months prior to the filing of the case. Synergy did not file a declaration disclosing the fees it received from Mr. Weathers. Instead, it filed the Disclosure of Compensation of Attorney for the Debtor showing that Mr. Prescott received $1,000 from Mr. Weathers, and that Mr. Prescott agreed to accept $3,500 for services to be rendered. Mr. Weathers testified that he paid $1,500, and Mr. Prescott testified that he had never received any money from Mr. Weathers.

Section 110(h)(3)(B) states, "All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g)." § 110(h)(3)(B). Section 110(i)(1) of the Bankruptcy Code states:

> (1) If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor—
>
>     (A) the debtor's actual damages;
>     (B) the greater of—
>         (i) $2,000; or
>         (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and
>     (C) reasonable attorneys' fees and costs in moving for damages under this subsection.

§ 110(i)(1). In addition, "A bankruptcy petition preparer, who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h), may be fined not more than $500 for each such

failure." 11 U.S.C. § 110(l)(1). The Court finds that Synergy acted fraudulently, unfairly, or deceptively in filing Mr. Weathers' bankruptcy case under an attorney's identification without the attorney's consent or authorization, and by informing Mr. Weathers that he was represented by Mr. Prescott in his bankruptcy case.

Section 110(j)(3) provides that "[t]he court, as part of its contempt power, may enjoin a bankruptcy petition preparer that has failed to comply with a previous order issued under this section. The injunction under this paragraph may be issued on the motion of the court, the trustee, or the United States trustee." 11 U.S.C. § 110(j)(3). Mr. Weathers' case was filed after a nationwide injunction was entered in the *Lashinsky v. Synergy Law, LLC (In re Gunzinger),* Adv. Pro. No. 18-05126 (Bankr. D. Ka. 1/4/2019). The Court takes judicial notice of this order. On January 4, 2019, the Honorable Robert E. Nugent, a bankruptcy judge in the United States Bankruptcy Court for the District of Kansas, entered an order enjoining Synergy or any related entity from acting as a debt relief agency or a bankruptcy petition preparer in any jurisdiction in the United States.

The Court also possesses the inherent authority to sanction and discipline parties that appear before it. *In re Henderson*, 360 B.R. 477 (Bankr. D.S.C. 2006). The Court has authority to sanction litigants under § 105. Courts have recognized that the authority provided to bankruptcy courts under § 105 gives the Court power "to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). *See In re Walters*, 868 F.2d 665, 669 (4th Cir. 1989) (recognizing that § 105(a) allows courts to sanction a party for civil contempt); *In re Volpert*, 110 F.3d 494, 500 (7th Cir. 1997); *In re Ulmer*, 363 B.R. 777, 781 (Bankr. D.S.C. 2000). Synergy has engaged in the unauthorized practice of law, filed the debtor's case improperly under the filing privileges of Mr. Prescott, and deceived Mr. Weathers into

believing that he had an attorney representing him. Such conduct warrants sanctions for Synergy's egregious conduct and to deter such future conduct. This conduct also supports the issuance of an injunction barring Synergy from assisting any person in filing bankruptcy in the District of South Carolina.

**NOW THEREFORE IT IS ORDERED** that the Motion is granted.

**IT IS FURTHER ORDERED** that:

1. For three violations of § 110(b)(1), Synergy is fined $1,500.

2. For its failure to disclose its identity as required by § 110(b), the fines under paragraph 1 are trebled and the fine is $4,500 pursuant to § 110(l)(2)(D).

3. For three violations of § 110(c)(1), Synergy is fined $1,500.

4. For two violations of § 110(e)(1), Synergy is fined $1,000.

5. For violating § 110(e)(2), Synergy is fined $500.

6. Pursuant to § 110(l)(4)(A), payment for the fines described in paragraphs 1 – 5, totaling $7,500, shall be made in certified funds, payable to the United States Trustee, and delivered to the Office of the United States Trustee, ATTN: John T. Stack, AUST, 1835 Assembly Street, Suite 953, Columbia, SC 29201 within 30 days of the entry of this Order.

7. Synergy is ordered to disgorge $1,500 of funds received from Mr. Weathers under § 110(h)(3).

8. Synergy is ordered to pay $174 to Mr. Weathers in reimbursement for his mileage in traveling to Court under § 110(i)(1)(A). Mr. Weathers has had other significant damages as a result of Synergy's actions, but those damages may be more appropriately addressed in separate actions to be taken by Mr. Weathers. Nothing in this Order

prejudices or has any effect on any claims, causes of action, or other rights or remedies that Mr. Weathers has against Synergy or other parties and individuals.

9. Synergy is ordered to pay $3,000 to Mr. Weathers under § 110(i)(1)(B).

10. Synergy shall pay $4,674 to Mr. Weathers by delivering a cashier's check made payable to Rhett Weathers within 30 days of this Order. The cashier's check will be delivered to the Office of the United States Trustee, ATTN: John T. Stack, AUST, 1835 Assembly Street, Suite 953, Columbia, SC 29201, who will forward the cashier's check to Mr. Weathers upon receipt.

11. Synergy will pay a civil sanction of $3,000.00 to the clerk of this Court within 30 days of the entry of this Order.

**IT IS FURTHER ORDERED** that Synergy shall file a declaration with this Court in this case attesting to its compliance with this Order, and attaching evidence of the payments ordered herein. The failure to file this declaration with the Court is presumptive evidence that the payments and fines required herein have not been made, and may subject Synergy to a motion for additional fines under § 110(h)(5) and/or other civil penalties.

**IT IS FURTHER ORDERED** that Synergy is enjoined from appearing in or assisting with any potential or existing bankruptcy case in the District of South Carolina until further order of the Court. If Synergy decides to assist with any potential or existing bankruptcy case in the District Court of South Carolina in the future, it must seek leave from the Court before doing so. Synergy would have to demonstrate that it has complied with the orders of this Court and that no national injunction remained outstanding, that it has a licensed attorney in South Carolina, who is admitted to practice before this Court and the District Court, and that its actions are otherwise in compliance with the rules and procedures of this Court. This order shall not prejudice the UST

ability to bring before the Court appropriate proceedings to address the conduct of Synergy in other cases.

    AND IT IS SO ORDERED.